IDA GRAY *vs.* JAMES H. DOUGLASS.

Waldo. March 25, 1889.

*Poor debtor. Citation. Seal. Notice. Justice. Selection. Surety. Recitals in discharge.*

A justice of the peace, who is a surety on an execution bond of a poor debtor, has the power to issue a citation to the creditor for the debtor's disclosure.

When it appears, by the record of two justices of the peace and quorum, that the creditor unreasonably neglected to select a justice, at the time appointed for the disclosure, a good ground is shown for the selection of a justice for him, by the officer.

When the justices, who are duly selected, certify in their record that the debtor "has caused the aforesaid creditor to be notified according to law," it is conclusive upon the creditor, and the sufficiency of the citation; and he cannot show that it was not sealed.

When it appears, by the bond and citation, that the judgment was rendered at the January term of the supreme judicial court, it is not a misrecital in the discharge, to describe it as rendered on the 23d of January,—both being correct.

ON REPORT. Action on a poor debtor's bond. Defense, performance of the conditions of the bond. In support of this defense, defendant introduced in evidence the disclosure of the principal in the bond, and the certificate of the magistrates, discharging the debtor. It was admitted that the citation to the creditor was not under seal; and that the magistrate who issued the

citation, was one of the sureties in the bond. This magistrate, however, did not sit in the disclosure.

The law court were to render judgment according to the legal rights of the parties.

*W. P. Thompson* and *R. F. Dunton*, for plaintiff.

Debtor must follow statute implicitly, in all its requirements. *Hackett* v. *Lane*, 61 Maine, 31. Citation is the foundation of the jurisdiction of the justices. *Poor* v. *Knight*, 66 Maine, 482. No presumption in favor of their jurisdiction. *Lane* v. *Crosby*, 42 Maine, 327; *Waterville Iron, &c. Co.* v. *Goodwin*, 43 Id. 431. Judgments, rendered by courts not having jurisdiction, void. *Lovejoy* v. *Albee*, 33 Maine, 414.

Record does not show that the justices examined the citation and return; they did not certify that they were correct; therefore *Lewis* v. *Brewer*, is not in point.

By the stipulation in the report, everything in the case open to the court to adjudicate upon. *Pike* v. *Herriman*, 39 Maine, 52.

Citation not being under seal, the justices not having certified that they examined it and found it correct, they had no jurisdiction. Judgment, in their certificate of discharge, void. Cases, *supra*.

Variance between recital of judgment in bond and in discharge, material and fatal. *Poor* v. *Knight*, *supra*.

When creditor fails to appear and select a justice under R. S., c. 113, § 42, the court can not organize until after the expiration of the hour. *Foss* v. *Edwards*, 47 Maine, 145, 149. Record must show how long the creditor neglected to appoint a justice. No presumption arises that the justice for creditor was not appointed within the hour; hence court had no jurisdiction to administer the oath, or grant the discharge.

One of the sureties in the bond issued the citation. He was pecuniarily interested in the result of the principal's disclosure, and disqualified from hearing the disclosure. *Winsor* v. *Clark*, 36 Maine, 110. Surety ought not to be allowed to issue a citation any more than the debtor himself. Comments by court in *Lovering* v. *Lamson*, 50 Maine, 334.

*G. W. Heselton,* for defendants.

Plaintiff should have called the attention of the justices, at the disclosure-hearing, to any defects in the citation; and having failed to do so she is bound by the record of the justices. This is in accord with the repeated decisions of our court, especially in the question of the want of a seal, settled in *Lewis* v. *Brewer,* 51 Maine, 108, and sustained by subsequent decisions, viz.: *Emery* v. *Brann,* 67 Maine, 39; *Cannon* v. *Seveno,* 78 Maine, 307.

The fact that the citation was issued by a justice who was one of the sureties does not invalidate it. Section 26, c. 113, R. S., simply says that application may be made "to a justice of the peace." It does not require, as in the matter of the hearing of the disclosure that the justice shall be disinterested, because in the former case the justice is merely performing the ministerial act of signing the citation; in the latter, the judicial act of listening to testimony and deciding issues, is required.

Moreover, the justice to whom the debtor makes this application, without regard to interest in the case, is obliged under this section of the statutes to issue the citation,—showing clearly that the legislature intended only that the citation should be made by a justice of the peace.

In *Cummings* v. *York,* 54 Maine, 386, 388, the extent of a justice's duties in issuing a citation is clearly set forth.

In this matter, as in the omission of the seal, "the adjudication of the justices upon the sufficiency of the notice to the creditor is conclusive as between the parties, if the justices have jurisdiction." *Agry* v. *Betts,* 12 Maine, 415, 417; *Pike* v. *Herriman,* 39 Id. 52; *Waterhouse* v. *Cousins,* 40 Id. 333.

LIBBEY, J. This is an action on a poor debtor's six months bond, and the defense is, that the debtor performed one of the conditions of the bond by duly citing the creditor to attend his disclosure before two justices of the peace and of the quorum, and that at the time and place appointed, he appeared before two justices of the peace and of the quorum, made a full disclosure, was permitted to take the oath prescribed in the statute and was duly discharged by said justices.

Three objections are made by the plaintiff to the debtor's dis-

charge. First. It is claimed that the citation is invalid. It was issued by a justice of the peace who was one of the sureties on the debtor's bond. And the plaintiff contends that he was so interested in the subject matter that he had no power to issue the citation.

R. S., c. 113, § 26, does not require that a justice of the peace who issues a citation to the creditor shall be disinterested. He performs no judicial duties, but acts ministerially. In *Patterson* v. *Eames*, 54 Maine, 203, the court held that a deputy sheriff who was a surety on the debtor's bond, had the power to select a justice of the peace and quorum for the creditor on his neglect or refusal to select, to hear the debtor's disclosure. There is stronger reason, why an officer thus interested, should be held to be incompetent to select a justice to act in the disclosure, than exists in the case of a justice of the peace, who issues the citation. We think this objection is untenable.

Again, it is claimed that the citation was not sealed as the statute requires. The record of the justices recites, that the creditor unreasonably neglected to select a justice at the time appointed for the disclosure. This is *prima facie* sufficient to give an officer power to appoint. The justices having been duly selected had jurisdiction, and their adjudication that the debtor "has caused the aforesaid creditor to be notified according to law" is conclusive as to the sufficiency of the citation. *Lewis* v. *Brewer*, 51 Maine, 108. It is not competent for the plaintiff to show now that the citation was not under seal.

Then, it is claimed that the discharge misrecites the judgment on which the debtor was arrested. The execution and bond describe it as rendered at the January term 1886, of the supreme judicial court in Waldo county; and in the citation it is described as rendered on the 23d of January 1886. There is no inconsistency in the dates. One is the term of the court at which the judgment was rendered. The other is the particular day of the term on which it was rendered. Both are correct.

*Judgment for the defendants.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.